This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JUANITA B. HERRERA,**

Worker-Appellant,

**v.**                                                                                      **No. 33,841**

**HERITAGE HOME HEALTHCARE and**
**NEW MEXICO MUTUAL CASUALTY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, District Judge**

Juanita B. Herrera
Los Lunas, NM

Pro Se Appellant

Camp Law, LLC
Minerva Camp
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Worker appeals the denial of her claim for workers' compensation benefits. We issued a notice of proposed disposition proposing to affirm, and Worker has filed a memorandum opposing the proposed affirmance.

{2} We have reviewed the arguments made in the memorandum in opposition but are not convinced by those arguments. In particular, we point out the following. First, as we stated in our notice, Worker was required to present expert medical testimony at trial showing that her current medical issues are related to the spider or insect bite she suffered many years ago. *See* NMSA 1978, § 52-1-28(B) (1987). Worker did not present such expert testimony. She now argues that her medical records establish that she suffered medical problems as a result of the bite. [MIO 1] We agree that there was evidence that at the time of the bite and for some period of time thereafter, Worker suffered physical injuries as a result of the bite. In fact, Worker was paid temporary total disability benefits for some time, until the benefits ceased in June 2007. [RP 307] However, when Worker renewed her claim for benefits many years after her first claim was resolved, she was required to present expert medical testimony supporting her argument that her current medical issues continue to be a product of the insect or spider bite that occurred prior to her original claim for benefits. She did not do so and therefore failed to satisfy the requirements of the workers' compensation statute.

**{3}**      We note also that Worker argues she is unable to read and write due to dyslexia. This fact, however, is unrelated to her claim for workers' compensation benefits. Such benefits are provided only to compensate for disabilities arising out of work-related injuries, rather than for non-work-related disabilities such as dyslexia. *See* NMSA 1978, § 52-1-9 (1973).  Therefore, the workers' compensation judge acted correctly by not finding a right to compensation based on Worker's dyslexia.

**{4}**      Finally, we note that Worker attached material to her memorandum in opposition, taped with duct tape, which is not properly considered while the case remains on the summary calendar.  We have not removed the duct tape or considered this material prior to issuing this Opinion.

**{5}**      For the reasons stated herein and in the notice of proposed disposition, we affirm.

**{6}**      **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**LINDA M. VANZI, Judge**